**Marilyn WHEELER, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**No. 77 C 1878.**

United States District Court, E. D. New York.

Dec. 27, 1978.

Weinstock, Davis, Kressel & Rothlein, Massapequa, N. Y. by Stephen J. Kressel, Massapequa, N. Y., for plaintiff.

Edward R. Korman, U. S. Atty., Eastern District of New York by Richard P. Caro, Asst. U. S. Atty., Brooklyn, N. Y., Borge Varmer, Regional Atty., Region II, Dept. of Health, Education and Welfare by Michael B. Thomas, Asst. Regional Atty., New York City, for defendant.

### MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

This action to review a denial of surviving childrens' insurance benefits under the Social Security Act was initially referred to a United States Magistrate to review the administrative record, hear the contentions of the parties, and report to the court his recommended disposition of the plaintiff's motion for judgment on the pleadings and the defendant Secretary's request that his determination be affirmed and the com-

plaint be dismissed. That has been done and the matter is now before the court on the Magistrate's report recommending that the Secretary's determination be reversed and benefits be granted as sought by plaintiff, and on the Secretary's objections to that report and recommendation.

■ After an independent searching review of the record, the court is in agreement with the Magistrate's ultimate conclusion that the presumption establishing the death of plaintiff's husband, 42 U.S.C.A. App. § 404.705, was not rebutted by substantial evidence rationally pointing to his continued life. The Magistrate's report as supplemented below is accepted as the opinion and decision of the court and made part hereof.

■ The need for additional comment by the court arises from the stress placed by the Secretary, in his objections to the Magistrate's report, on the principles of law enunciated by Mr. Justice (then Circuit Judge) Stevens in *Blew v. Richardson*, 484 F.2d 889 (7 Cir. 1973), in which a wife's application for child's survivor benefits was denied despite the disappearance of her husband for more than seven years. A careful reading of the *Blew* opinion, however, reveals no conflict in applicable principles. This court does not question the principle articulated in *Blew* that pre-departure evidence of a motivation "that created a *probability* of continued life notwithstanding the lack of any communication from the absentee for a prolonged period," *id.* at 892–93 (emphasis supplied), may well be substantial enough to rebut the presumption of death. We agree also "that the Secretary may adduce evidence to contradict either the unexplained character of the absence or the fact that the individual has not been heard of for seven years." *Id.* at 893.

The only difference between the *Blew* case and this one is that there the Secretary met his burden and here he did not. This is not a case where the evidence shows a husband, delinquent in support and of unstable character, who had to be arrested and brought to court before he signed an agreement to support his child, as was the case in *Blew*. Nor was there prompt flight following release from jail which rendered inescapable the inference that the husband's disappearance in *Blew* was an act of desertion and not the result of death. In denying benefits in this case, the Secretary pointed to no facts in the record which could rationally explain the absence of plaintiff's husband and thereby overcome the presumption.

As Justice Stevens noted in *Blew*, 484 F.2d at 893, n.8, quoting from a North Carolina case:

"The strength of this presumption [of death] varies with the circumstances, its force depends on the character of the person, his attachment to his home, and the circumstances under which he left. . . . Evidence tending to show the desire of the absent person to conceal his identity . . . that he was a fugitive from justice, or any other fact or circumstance surrounding his disappearance tending to support or rebut the presumption is admissible."

As appears from the Magistrate's report, plaintiff's husband here, although separated from her, was a good provider who voluntarily continued to support the family pursuant to their agreement, cared for and visited his children frequently, indicated his torment over their separation and was continuously employed until the time of his disappearance. The findings and conclusion adopted by the Secretary, namely, that the husband's sudden cessation of family visits and apparent change of jobs shortly before he vanished warrant the conclusion that he disappeared because "he did not want to support his family" (Tr. 8), are based on pure conjecture and not upon evidence which would rationally lead to such an inference.

Accordingly, plaintiff's motion for judgment in her favor is granted and the Secretary's decision is reversed with the direction that benefits be paid to plaintiff in accordance with 42 U.S.C. § 402(d)(1), retroactive to the date of application.

SO ORDERED.

*REPORT OF UNITED STATES MAGIS-
TRATE IN RESPONSE TO ORDER
DATED OCTOBER 17, 1977*

JOHN L. CADEN, United States Magistrate.

This is an action, pursuant to 42 U.S.C. § 405(g), to review the final determination of the Secretary of Health, Education, and Welfare which denied survivor's benefits to plaintiff's three children. Both parties have moved for an order granting judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P.

On April 24, 1975, plaintiff filed an application for surviving childrens' insurance benefits under the Social Security Act, 42 U.S.C. § 402(d)(1), on the ground that wage-earner, John Wheeler, plaintiff's husband and father of three minor children, had been continuously and unexplainedly absent since October, 1967. Plaintiff's application was denied both on original consideration and later on reconsideration. Plaintiff then sought, and was granted, a hearing before an administrative law judge on February 17, 1977. The administrative law judge considered the case *de novo* and rendered a decision on March 7, 1977, finding plaintiff not entitled to benefits under the Act. On July 27, 1977, the Appeals Council upheld the administrative law judge's decision, thus making it the final decision of the Secretary. Plaintiff's complaint seeking review of the Secretary's decision was timely filed.

*FACTS*

The operative facts as revealed by the administrative record are as follows:[1]

Plaintiff testified that she and her husband were married on June 21, 1958 (Tr. 20). They have three children and in June, 1967, the Wheelers separated by mutual agreement (Tr. 20). At that time, Mr. Wheeler seemed very depressed, preferred to be by himself and often spoke of death (Tr. 22). Mrs. Wheeler last saw her husband in October 1967 (Tr. 21). Between June and October 1967, Mr. Wheeler visited his wife and children frequently at their home (Tr. 21). On those occasions, he invariably expressed a desire of reconciliation with his wife and also being reunited with his children for whom he displayed great love and affection (Tr. 22). At all times, Mr. Wheeler supported his wife and family generously and in accord with the separation agreement. In October 1967, there was no evidence that Mr. Wheeler suffered from any particular physical or mental condition (Tr. 25). It appears that shortly before his disappearance, Mr. Wheeler apparently cancelled his life insurance policy and quit his $20,000 a year job (Tr. 23, 27). After his disappearance, Mr. Wheeler severed all contact with his wife, his children and his mother. While Mr. Wheeler's earnings record indicates that he may have been employed in the first quarter of 1968, no one has seen or heard from him since October 1967. Extensive efforts to locate him, including police department procedures (Tr. 34, 39), New York City Department of Social Services investigations (Tr. 29), as well as searches of medical examiners records and death records have proved completely futile (Tr. 39). In addition, it appears that Mr. Wheeler has not had any contact with either the Social Security or Veterans Administration (Tr. 26), and that his union membership, without which he could not be employed in his field, has lapsed (Tr. 28).

The plaintiff's brother, Raymond F. Goldback, a former New York City policeman, testified at the hearing that Wheeler had frequently talked to the witness of death as an answer to his problems (Tr. 37–38). The witness attested to the fact that all missing person channels within the Police Department had been exhausted, including some efforts to locate Wheeler on a national scale (Tr. 34, 39).

An unsworn statement of Mr. William Gallo, a former employer of the wage earner, as expressed in a memorandum of a telephone conversation between a Social Security employee and Mr. Gallo, appears in the administrative record (Tr. 70). Mr. Gal-

---

1. All references to the administrative record are indicated by "Tr."

lo is quoted as saying that Wheeler submitted a resignation to seek employment with better pay and more security. At a later date, Mr. Gallo furnished plaintiff's counsel with a signed affidavit wherein Mr. Gallo stated that he told the Social Security investigator that he did not know why Wheeler quit, and while it was possible that Wheeler left for another job, this was only surmise on his part. This statement concludes by indicating that Wheeler did not submit a resignation for better pay and more security. (*See Defendant's Notice of Motion and attached Gallo affidavit filed in this Court on July 21, 1978*).[2]

On March 7, 1977, the administrative law judge made the following findings and conclusions:

1. The claimant Marilyn Wheeler filed an application for Mother's Insurance Benefits and Child's Insurance Benefits on April 24, 1975, based upon the earnings records of John L. Wheeler.

2. The wage earner and the claimant entered into a separation agreement on or about June 1967; the wage earner was obligated to make alimony and child support payments of ninety (90) dollars a week.

3. The wage earner formerly resigned from his position as a serviceman from Cervillo Brothers Petroleum Company, to seek a better paying position and more security at another company.

4. The wage earner was not in the household of the claimant, but made periodic visitations to the home to see his children.

5. The claimant has a living mother residing in Florida, but her address cannot be ascertained.

6. The wage earner's earnings record indicates that he received coverage for the first quarter of 1968, with no other earnings posted.

7. The claimant has not established by evidence the death of wage earner under the criteria outlined in the Social Security Regulations Number 4, Section 404.705.

42 U.S.C. § 405(g) requires this court to affirm the findings of the Secretary if supported by "substantial evidence." "Substantial evidence" means more than a mere scintilla and is defined as such relevant evidence as a reasonable man might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

## THE STATUTE

Section 202(d) of the Act, 42 U.S.C. § 402(d), provides in pertinent part that:

(d)(1) Every child . . . of an individual entitled to . . . disability insurance benefits, or of an individual who dies a fully or currently insured individual . . . shall be entitled to a child's insurance benefit.

Section 202(g) of the Act, 42 U.S.C. § 402(g), provides in pertinent part that:

(g)(1) The widow and every surviving divorced mother . . . of an individual who died a fully or currently insured individual, if such widow or surviving divorced mother . . .

(E) . . . has in her care a child of [the deceased individual who is] entitled to child's insurance benefit . . . shall be entitled to a mother's insurance benefit.

20 C.F.R. § 404.704 provides in pertinent part that:

(a) An applicant for monthly benefits . . . based upon the earnings of a deceased individual shall file supporting evidence as to the death of such individual and as to the time and place of such death.

Clearly, plaintiff has the burden of proving the death of her husband, the insured wage earner, in order to be entitled to benefits under the Act. 20 C.F.R. § 404.-704. Since there is no direct evidence of his death, plaintiff has invoked the presumption of death as defined in the regulations as follows:

2. Technically, the Gallo affidavit is not a part of the certified administrative record in this case.

Whenever it is necessary to determine the death of an individual in order to determine the right of another to a monthly benefit or a lump-sum death payment under section 202 of the Social Security Act, and such individual has been unexplainedly absent from his residence and unheard of for a period of 7 years, the Administration, upon satisfactory establishment of such facts and in the absence of any evidence to the contrary, will presume that such individual had died.

20 C.F.R. § 404.705(a).

The administrative law judge concluded however, that John Wheeler's absence, notwithstanding its duration, was not unexplained within the meaning of the regulation. The administrative law judge *specifically* found that Mr. Wheeler did not want to support his family (Tr. 7, 8).

The defendant, Secretary of Health, Education and Welfare urges that its findings of fact are support by substantial evidence and, therefore, entitled to conclusive effect.

Plaintiff contends that the Secretary's decision is erroneous and unsupportable, based on conjecture and speculation rather than substantial evidence. Plaintiff maintains that an impossible burden has been created by the defendant-Secretary, when, it is claimed, *any* explanation of a wage-earner's disappearance will be acceptable to defeat the presumption of death.

■ The sole question before the Secretary was whether the wage earner, John Wheeler, is dead. Since no direct proof of that fact was available, the presumption of death per 20 C.F.R. § 404.705 was properly invoked by plaintiff to show that the wage earner has been unexplainedly absent and unheard of for a period of seven years. To rebut that presumption there must be evidence to the contrary. *Lazarus v. Weinberger,* 400 F.Supp. 378 (E.D.N.Y.1975). In the case at bar, plaintiff has established the disappearance without explanation of John Wheeler for the seven year period. Once the presumption has been established the burden of explanation shifts to the Secretary. *Gardner v. Wilcox,* 370 F.2d 492 (9th Cir. 1966); *Aubrey v. Richardson,* 462 F.2d

782 (3rd Cir. 1972); *Lazarus v. Weinberger, supra.*

■ Therefore, the only issue before this court is whether the Secretary has successfully rebutted the presumption of death with substantial evidence to afford a rational explanation of John Wheeler's disappearance. Such evidence must give rise to more than a mere suspicion that the wage earner is alive. *Lazarus v. Weinberger, supra.* When the Secretary seeks to rebut the presumption of death, he must support the conclusion by proof of facts which does more than merely aver an explanation of the disappearance in a manner consistent with continued life. *Aubrey v. Richardson, supra.*

Upon considering this case in view of the presumption of death, the undersigned does not find that there is substantial evidence to support the Secretary's conclusion that John Wheeler is not dead. The evidence in this case raises not even a fleeting suspicion that Wheeler did not want to support his family and therefore may be still alive. Such conjecture is insufficient to meet the test of substantial evidence. *Lazarus v. Weinberger, supra.*

Indeed, the evidence establishes beyond peradventure that John Wheeler was a loving and generous father who cared for his family and was not a person who ever exhibited an intent to abandon his wife and children. Despite his marital problems, he carefully provided for their support by means of a separation agreement. Furthermore, even after the separation, Mr. Wheeler continuously manifested a strong desire to be reconciled with his wife and resume living with his children as a family. Finally, there is no evidence in this record to suggest that Mr. Wheeler expressed either by words or in deeds an intent to abandon his family. Therefore, the administrative law judge's conclusion that Mr. Wheeler's disappearance can readily be explained by virtue of his intent to abandon his family is mere speculation and not supported by substantial evidence.

**930**

Rather, in this case, there was evidence to show that by 1967, John Wheeler had become increasingly depressed and perhaps even suicidal for reasons that are still unclear. Prior to that time, however, he was a relatively stable individual. He was a veteran of the Marine Corps, possessed good employment skills, and there was no indication of any trouble with the law. He was not an alcoholic, nor were there any reports of mounting debts. Finally, after his disappearance diligent searches made by family members to locate him proved unavailing. Also, there was no evidence of any communications whatsoever between John Wheeler and anyone else (including his family, with whom by virtue of his close family ties, he would reasonably be expected to contact).

Indeed, the only evidence of continued life before the administrative law judge is the fact that Mr. Wheeler may have worked some six months after his initial disappearance as evidenced by the Social Security earnings record. However, in a case such as this, where there has been an initial disappearance, followed by evidence consistent with life, and then silence for seven years, the courts have consistently held that the seven year period begins to run from the last time the wage earner was known to be alive. *Newman v. Gardner*, 263 F.Supp. 58 (E.D.N.Y.1967). Furthermore, plaintiff is not required to negate every possibility except death. *Secretary of H. E. W. v. Meza*, 368 F.2d 389 (9th Cir. 1966).

Finally, a word should be said concerning the reliance of the administrative law judge on an unsworn statement of one Mr. Gallo, as expressed in a memorandum of a telephone conversation between a Social Security employee and Mr. Gallo wherein the latter was quoted as saying that Mr. Wheeler submitted his resignation for better pay and more security. At a later date, Mr. Gallo furnished plaintiff's counsel with a signed affidavit wherein Mr. Gallo stated that he told the Social Security investigator that he did not know the reason that John Wheeler quit his job, that it was possible

that Wheeler left for another job but that this was surmise on his part.[3] Finally, the Gallo written statement concludes by indicating that Wheeler did not submit a resignation for better pay and more security. Therefore, while Gallo's "first" (oral) statement may be admissible, that hearsay statement, uncorroborated and, in this case, now repudiated, cannot constitute substantial evidence to support the Secretary's decision.

Therefore, it is my conclusion that the Secretary's failure to apply the presumption of death in the instant case is unsupported by the record, in that there is no substantial evidence of John Wheeler's continued life.

### CONCLUSION

In view of the foregoing, I recommend that (1) the decision of the Secretary which denies benefits to plaintiff and her three children be reversed; (2) payments be made to plaintiff in accordance with 42 U.S.C. § 402(d)(1); (3) such award benefits shall be made retroactive to the applicable date; and (4) that plaintiff's motion for judgment on the pleadings be granted.

---

**3.** See footnote 2, at page 928, *supra*.