Patricia BUKAWYN and Rose Marie
Guigno, Plaintiffs,

v.

Richard S. SCHWEIKER, Secretary of
Health and Human Services,
Defendant.

No. CV–80–3468.

United States District Court,
E.D. New York.

July 30, 1982.

Mark H. Spires, Stanley A. Bass, Long
Island City, N.Y., for plaintiffs.

Raymond J. Dearie, U.S. Atty., Brooklyn,
N.Y., E.D.N.Y., Annette H. Blum, Regional
Atty., Washington, D.C., Rosemarie E. Mat-
era, Asst. Regional Atty., for defendant.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

This is an action pursuant to 42 U.S.C.
405(g) to review a final determination of
the Secretary of Health and Human Serv-
ices ("the Secretary") which denied surviv-
ing mother's and child's insurance benefits
to the above-named claimants. Their appli-
cations for benefits, filed on August 29,
1979, are based on the record of insured
wage-earner, Peter Bukawyn; the plain-
tiffs presently seek a determination that
the wage-earner is deceased, *see* 20 C.F.R.
Section 404.721(b), in that he has not been
heard from since September 8, 1972.

The claimants' applications were initially
denied, and upon reconsideration, a hearing
was requested. The hearing was held on
June 17, 1980 before an Administrative
Law Judge ("ALJ"), and in a decision dated
July 18, 1980, the ALJ affirmed the deter-
mination denying insurance benefits. In so
ruling, the ALJ found that plaintiffs were
not entitled to the invocation of the pre-
sumption of death set forth in 20 C.F.R.
404.721 as to Peter Bukawyn. Plaintiffs
filed a request for review with the Appeals

Council, and on the decision of the ALJ was affirmed as the final decision of the Secretary. After reviewing the record on appeal, this court remanded the matter to the Secretary for a clarification of his application of the facts to the legal presumption of death which plaintiffs sought to rely on and in concert with the relevant case law, i.e., *Blew v. Richardson,* 484 F.2d 889, 892 (7th Cir.1973).

In compliance with the remand order, an ALJ conducted a second supplemental hearing on November 21, 1981. At the remand hearing, the ALJ determined that plaintiffs failed to establish the death of the insured and were not entitled to benefits. The decision of the ALJ became the final decision of the Secretary, on remand when it was approved by the Appeals Council on December 22, 1981. Plaintiffs appeal from the denial pursuant to 42 U.S.C. § 405(g).

The plaintiffs have moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) and the defendant has cross-moved for such judgment. For the reasons set forth below, the plaintiff's motion for judgment on the pleadings is granted. Upon examination of the record, this court concludes that the presumption of death should be invoked in the instant case pursuant to 42 U.S.C. § 405 and 20 C.F.R. § 404.721, thereby establishing the plaintiffs' entitlement to widow's and child's benefits due to the death of the insured, Peter Bukawyn, although documentary proof of death is lacking. The final decision of the Secretary is reversed and the case is remanded so that the Secretary may establish a date of death.

■ Under the regulation, the death presumption arises upon proof that the wage earner has been absent from his usual place of residence and unheard from for more than seven years for no apparent reason. 20 C.F.R. § 404.721(b). In reviewing the Secretary's determination as to the availability of the presumption and whether

it has been rebutted, the ALJ's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980). Substantial evidence, however, means more than a mere scintilla, but rather evidence that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Parker v. Harris, supra* at 232. Under the substantial evidence standard, the same body of evidence may be used to support either the positive or negative of a factual proposition. *Schauer v. Schweitzer,* 675 F.2d 55, 57 (2d Cir.1982). Moreover, it is well established in the law that "[i]t is not the function of a reviewing court to try the matter *de novo* but to decide whether the Secretary's decision is supported by substantial evidence." *Dousewicz v. Harris,* 646 F.2d 771, 773 (2d Cir.1981). With this in mind, the court will now review the evidence in the record.

■ In the remand order dated March 29, 1981, this court held that ". . . notwithstanding the fact that pre-departure evidence may rebut a presumption of death, facts such as those which exist here, entitle a claimant to the benefit of the presumption." Under *Blew, supra,* once seven-year unheard from absence is established by the claimant, the burden shifts to the Secretary to rebut the presumption of death. *See also Autrey v. Harris,* 639 F.2d 1233, 1234 (5th Cir.1981); *Wages v. Schweiker,* 659 F.2d 59, 61 (5th Cir.1981); *Edwards v. Califano,* 619 F.2d 865, 869 (10th Cir.1980); *Johnson v. Califano,* 607 F.2d 1178, 1182 (6th Cir.1979). After a searching review of the record, this court concludes that the presumption establishing the death of plaintiff's husband, 42 U.S.C.A. § 404.705, was not rebutted by substantial evidence rationally pointing either to continued life or to any apparent reason for the absence. *See Blew, supra.*[1]

---

1. By the prior Remand Order, this court determined that the Secretary's decision not to apply the death presumption was not supported by substantial evidence and that the plaintiffs are entitled to the invocation of the presumption of death. The issue on remand before the Secretary was whether this presumption was rebutted by evidence of the probability of continued life notwithstanding the lack of any communication from the absentee for a pro-

In order to rebut the death presumption, the Secretary must point to evidence that there exists a reasonable explanation for the seven-year absence established by plaintiffs. The record in the instant action does contain evidence that the wage-earner may have possessed motivation to disappear, i.e., testimony that he received life threats from criminally-linked acquaintances. However, the record does not contain facts reasonably explaining his continued absence for seven years. According to *Blew*, the death presumption may be rebutted by (1) evidence of continued life during the seven years; or (2) evidence of motivation creating a "probability of continued life notwithstanding the lack of any communication from the absentee for a prolonged period." *Blew, supra* at 892–93. In light of this standard, there is not substantial evidence in the record to rebut the death presumption.

On remand the ALJ found that the insured's absence was deliberate, planned and under suspicious circumstances in that he departed late at night. Mrs. Bukawyn testified that before departing the insured had informed her that he was going on a long trip. She testified that he removed long-saved funds from a safe deposit box, collected his new clothes and drove off in his car. She also observed that he was reluctant to talk to his daughter at that time. Further testimony revealed Mrs. Bukawyn's observations that prior to his departure, Peter Bukawyn was sought after by a woman named Florence whom she alleged to have been involved in narcotics trafficking. Mrs. Bukawyn testified of her belief that her husband was associated with illicit activities. She perceived Florence as a threat to her husband.

In the decision on remand, the ALJ also took note of the evidence in the record that Peter Bukawyn possessed a firearm's permit and weapon. The ALJ further noted wage-earner's "numerous trips of a secretive nature [and his] ready funds for such trips and flashy clothes despite his being out of work for 2 years with a wife on welfare." (Tr. 227). The ALJ concluded that the record established sufficient facts to characterize the wage-earner's departure as a "flight from some danger." (Tr. 227). The ALJ found that despite his alleged dangerous position and apparent illicit activities, there was no evidence of a specific peril to the wage-earner's life and no inference was made by the ALJ that any death threats were carried out after his flight. Thus, the ALJ held that the wage-earner's disappearance and prolonged absence from his home was not "for no apparent reason" as required under the regulation. 20 C.F.R. § 404.721(b).

The burden, as has been stated, is the Secretary's to show a probability of continued life. Only if the facts could persuade a reasonable person that Peter Bukawyn is more likely than not alive, would the Secretary prevail. *Blew, supra,* 484 F.2d at 892–93. The interpretation of the descriptive work "probability" with reference to the "continued life" test enunciated in *Blew* is significant. Other courts have rejected "plausible explanations for an absence." *Johnson v. Califano,* 607 F.2d 1178 at 1183 (6th Cir.1979) (requiring evidence that directly points to an explanation other than death and evidence of more than "pre-departure difficulties"). *See also Secretary v. Meza,* 368 F.2d 389, 392 (9th Cir.1966) (requiring "facts that rationally explain the anomaly of disappearance"); *Wheeler v. Califano,* 470 F.Supp. 924, 92 (E.D.N.Y. 1978) (requiring "more than a mere suspicion that the wage earner is alive"); *Lazarus v. Weinberger,* 400 F.Supp. 378, 381

---

longed period. *Blew, supra,* at 892–93. As suggested by plaintiffs' counsel, this issue was not directly confronted by the ALJ. Rather, on remand the ALJ noted "[t]he Regulations, which are binding on this Administrative Law Judge, and Social Security Administration policy, continue to demand that an absence be for 'no apparent reason' before a presumption of death can be applied; being absent and un-

heard from for 7 years is not sufficient on its own merits." (Tr. 227). In the proceedings following remand, the ALJ maintained that the presumption did not arise. Although the Secretary did not focus on the issue of evidence to rebut the death presumption, this court will nevertheless address whether there is substantial evidence in the administrative record to rebut the presumption.

(E.D.N.Y.1975) (requiring more than "conjecture").

In *Wheeler v. Califano, supra,* the district court observed that the evidence necessary to rebut the presumption "must give rise to more than a mere suspicion that the wage earner is alive," and must consist of "proof of facts which does more than merely aver an explanation of the disappearance in a manner consistent with continued life." 470 F.Supp. at 929. The *Wheeler* court held that the Secretary had not rebutted the presumption despite evidence that the wage earner and his wife separated three months before his disappearance, that he quit his job shortly before his disappearance, and that his Social Security earnings record showed earnings in the first quarter following his disappearance.

In *Lazarus v. Weinberger, supra,* the district court maintained that the evidence necessary to rebut the presumption must give rise to "more than a suspicion that the wage earner is alive." 400 F.Supp. at 381. In that case the Secretary was held not to have rebutted the death presumption despite testimony that the wage earner had been recently divorced and had received death threats due to gambling debts. The presumption was invoked in *Lazarus* despite further testimony that on the day of his disappearance, the wage earner collected his pay and left work, leaving a note to his mother that he was leaving town for a few days. Also, evidence in that case revealed that an acquaintance had seen the insured on two occasions several months following his disappearance.

In the instant action, this court concludes that the evidence in the record does not rebut the presumption which this court has already ruled to be available to plaintiffs. The evidence before the Secretary merely raises a suspicion of an explanation for the wage earner's disappearance. The possibility that the wage earner may have fled to escape threatened harm from criminal associates raises merely a suspicion of continued life and is insufficient to rebut the presumption since it does not offer any explanation of the seven years unheard from

absence. As articulated by plaintiffs' counsel, if the possibility of flight to avoid harm could rebut the presumption, then in every case where the wage earner was absent for seven years after receiving a threat, the Secretary would argue that the wage earner must have fled and must be alive. Thus, the presumption would not be invoked in such case intended for its application in order to relieve claimant of "the impossible burden of showing a negative." *Lazarus, supra;* p. 202 of the record.

While it is surely possible to "aver an explanation of the disappearance in a manner consistent with continued life" (*Wheeler, supra,* 470 F.Supp. at 929), the record herein establishes an even stronger case for claimants than was present in either *Lazarus* or *Wheeler.* The instant record reveals a wage earner who lived continuously with his wife and daughter during ten years of marriage with no record of marital discord. In addition, his disappearance has been followed by complete silence—there is no evidence of contact between the wage earner and his mother or sister. Since the disappearance there has been a total cessation of his regular ongoing activities—e.g., no reported earnings, no driver's license renewal, no firearms permit renewal, expiration of union membership. Moreover, plaintiff's wife has unsuccessfully attempted to track down the wage earner or to uncover evidence of his death through the Human Resources Administration, through a locator service, through a private lawyer, and through a search of death records in various states.

In conclusion, the explanation of the disappearance which may be possibly averred in a manner consistent with continued life —namely, that wage earner fled fearful of threats being carried out, assumed a new identity and contacted neither his wife of ten years nor his mother or siblings since 1972—is far from probable. The presumption of death has not been overcome by evidence in this record. The mere suspicion of the continued life of Peter Bukawyn raised by the Secretary is not supported by substantial evidence. Therefore, the deci-

sion of the Secretary is reversed and judgment is entered for the plaintiffs declaring Peter Bukawyn deceased. The case is remanded to the Secretary to establish a date of death for the purpose of computing retroactive benefits.[2]

Reversed and remanded.

---

2. Since there was no evidence taken in this case to establish a date of death, and no final judicially reviewable determination made on the issue by the Secretary, 42 U.S.C. § 405(g), and because pursuant to 20 C.F.R. § 404.721, determination of the date of death is a matter committed to the Secretary, this matter must be remanded to the Secretary to decide the date of death.