Eileen **DOWELL**, Plaintiff-Appellee,

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 17369.

United States Court of Appeals
Sixth Circuit.

Nov. 30, 1967.

J. F. Bishop, Atty., Dept. of Justice, Washington, D. C., for appellant, J. William Doolittle, Acting Asst. Atty. Gen., David L. Rose, Atty. Dept. of Justice, Washington, D. C., Robert M. Draper, U. S. Atty., Dayton, Ohio, on brief.

William H. Thornburgh, Troy, Ohio, for appellee. Faust, Harrelson & Thornburgh, Troy, Ohio, on brief.

Before PHILLIPS, McCREE and COMBS, Circuit Judges.

PHILLIPS, Circuit Judge.

John B. Dowell deserted his third wife and four small children in 1957. Another child was born to the wife six months later, and one of the children has died in the interim. The issue is whether the four children now surviving are entitled to Social Security survivors' benefits on the earnings of their father upon the theory that he is presumed to be dead after an absence of more than seven years.

The Social Security regulations contain the following provision concerning presumption of death, 20 C.F.R. § 404.705:

"Whenever it is necessary to determine the death of an individual in order to determine the right of another to a monthly benefit or a lump-sum death payment under section 202 of

the act, and such individual has been unexplainedly absent from his residence and unheard of for a period of seven years, the Administration, upon satisfactory establishment of such facts and in the absence of any evidence to the contrary, will presume that such individual has died."

The Secretary denied the application. The District Court reversed and ordered that the claim be approved for payment.

The Hearing Examiner found that Dowell left home less than a month before being served with process in a divorce proceeding filed by his wife in 1957. He was then 46 years old and in good health. During the years of this marriage he had been arrested for assault and battery and in 1956 had ceased contributing to the support of his family. In the divorce proceedings the wife alleged physical assault, extreme cruelty and gross neglect of duty. After being served with process, Dowell burned the house trailer in which the family was residing, containing all the family's food and clothing. He was adjudged guilty of contempt of court for nonsupport and sentenced to ten days in jail. He fled immediately after his release from jail, and his family has not heard from him since that time.

A new warrant was issued against Dowell after he was released from jail. The Divorce Court initially ordered him to pay $50 a week through the county welfare board for the support of his children, but Dowell never made any contributions in compliance with this decree. A final decree of divorce was entered December 16, 1957, reserving the issue of support until such time as Dowell could be brought before the Court.

Dowell had a previous record of family desertion and unexplained absences. He left a son born to his first marriage in the custody of one of his three sisters. Neither this son nor the sisters saw or heard from him after 1947. His second marriage ended in divorce in 1946. The Social Security Administration was un-

successful in its efforts to locate the second wife or the two daughters born to the second marriage.

The record shows that Dowell was alive and working subsequent to his desertion of his family. He was employed in Detroit as a jig and fixture builder from July 7, 1957, through February 14, 1958, earning in excess of $4200 in 1957 and $524 in the first quarter of 1958.

■ The probate court of Miami County, Ohio, in an ex parte proceeding, decreed that Dowell is presumed to be dead because of his absence of seven years. This decree is not binding on the Secretary or on this Court for purposes of this suit. Cain v. Secretary of Health, Education and Welfare, 377 F.2d 55 (4th Cir.); Old Kent Bank & Trust Co. v. United States, 362 F.2d 444 (6th Cir.).

■ The Secretary ruled that Dowell's absence is not unexplained; that he had a number of reasons for absenting himself for the extensive period involved; that should his whereabouts become known, he would be faced with the problem of support for his children as well as other problems apparent from the facts of the case; and that since his absence is not unexplained, his death cannot be presumed for the purpose of paying survivors' benefits to his children.

■ We have reached the conclusion that the judgment of the District Court must be reversed, under the rule that the decision of the Secretary must be affirmed if supported by substantial evidence. Eastman v. Gardner, 373 F.2d 481 (6th Cir.), cert. denied, 389 U.S. 844, 88 S.Ct. 91, 19 L.Ed.2d 110. An analogous case is Gardner v. Wilcox, 370 F.2d 492 (9th Cir.).

■ Congress has not provided for benefits to children of an insured parent who has *deserted* them but only for children of an insured parent who is *dead*.

Reversed and remanded with instructions to enter summary judgment for defendant.