Charlotte Diane EDWARDS for Debora A. Long and Clayton D. Long, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 79–1295.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Jan. 25, 1980.

Decided April 11, 1980.

Jack Gray, Oklahoma City, Okl., for plaintiff-appellant.

Stanley M. Ericsson, Atty., Dept. of Health, Education, and Welfare, Baltimore, Md. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D.C., Larry D. Patton, U. S. Atty., S. Paul Richards, Asst. U. S. Atty., Oklahoma City, Okl., and Randolph W. Gaines, Chief of Litigation, Dept. of Health, Education, and Welfare, Baltimore, Md., with him, on brief), for defendant-appellee.

Before HOLLOWAY, McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Charlotte Diane Edwards (Edwards) appeals on behalf of her two minor children, Debora A. and Clayton D., from a judgment affirming the decision of the Secretary of Health, Education and Welfare (Secretary) denying a claim for child insurance benefits under Section 202(d) of the Social Security Act, 42 U.S.C.A. § 402(d). Section 202(d) provides in pertinent part:

for payment of child's insurance benefits for every child of an individual who dies a fully or currently insured individual, if an application for such benefits has been filed, or at the time such application was filed, the child was unmarried, and had not attained the age of 18, or was a full time student and had not attained the age of 22, or is under a disability (as defined in Section 223(d)) which began before he attained age 18 and was dependent upon such individual at the time of death.

[R., Vol. I at p. 7].

A brief review of the background facts will facilitate our disposition on appeal.

Edwards' former husband, John Richard Long (Long) abandoned her and their two minor children in 1964 and has not contacted Edwards since that time. On November 30, 1972, Edwards filed an application on behalf of her two children for surviving child's insurance benefits based on the earnings record of Long. This application was denied. Thereafter, on December 2, 1975, Edwards filed a second application.

Edwards' second application was initially denied. It was again denied on reconsideration. Edwards then requested a hearing before an administrative law judge (ALJ), who, after a hearing, concluded that she was not entitled to surviving child's benefits on behalf of her children. In presenting her case to the ALJ, Edwards argued that Long was presumptively dead under 20 C.F.R. § 404.705(a), *infra*, since he had not been seen for over seven years and wage records compiled for Long by the Social Security Administration stopped after the first quarter of 1968. The decision of the ALJ became the final decision of the Secretary when it was affirmed by the Appeals Council on March 13, 1978.

In rendering the decision denying Edwards surviving child's benefits for her children, the ALJ entered the following findings:

1. The claimant, Charlotte Diane Edwards, on behalf of Debora A. and Clayton D. Long, filed an application on December 2, 1975 (with an intent to file on April 16, 1975) for surviving child's benefits on the wage earner, John R. Long's record.

2. The wage earner, John R. Long, was born March 10, 1940.

3. The wage earner, John R. Long, has a total of 33 quarters of coverage credited to his wage record.

4. The wage earner, John R. Long, is fully insured as of the date of this decision.

5. John Richard Long and Charlotte Diane Edwards were married on September 11, 1959, and to this union two children were born, namely, Debora Ann Long, born December 14, 1960, and Clayton Dale Long, born June 13, 1962.

6. John Richard Long absented himself from his home in Imperial Beach, California in 1964, and did there abandon his wife, Charlotte Diane, and his two minor children, Debora and Clayton Long.

7. The wage earner, John Richard Long, has worked in various states throughout the United States after his disappearance in 1964.

8. The wage earner, John Richard Long, has been seen by other family members after his disappearance in 1964.

9. The evidence does not convincingly establish that the claimant was presumably dead in 1964 or as late as March 31, 1968, or any date thereafter.

10. The wage earner's absence from home after more than seven years is not unexplained within the meaning of Section 404.705 of Social Security Regulations No. 4; therefore cannot be presumed to be dead.

[R., Vol. I at pp. 20–21].

20 C.F.R. § 404.705(a), the regulation referenced in the ALJ's finding number 10, provides:

> Whenever it is necessary to determine the death of an individual in order to determine the right of another to a monthly benefit or a lump-sum death payment under section 202 of the Social Security Act, and such individual has been unexplainedly absent from his residence and unheard of for a period of 7 years, the Administration, upon satisfactory establishment of such facts and in the absence of any evidence to the contrary, will presume that such individual has died.

On appeal, the District Court affirmed the ALJ's denial of benefits. In so doing, the District Court found and concluded, *inter alia* :

> The final administrative decision herein is that while John Richard Long has been absent from home for more than seven years, his absence is not unexplained within the meaning of 20 C.F.R. § 404.-705(a) and he therefore cannot be presumed to be dead. Evidence in the administrative record establishes that John Richard Long was alive after he abandoned his wife and their children in 1964. Wage records show earnings by John Richard Long through the first quarter of 1968. There is also evidence that John

lived with his brother James until departing in June of 1967, several months after a state court order imposed a $100.00 per month child support obligation on John. James also stated that he felt John was still alive as late as 1975. The record further establishes that John Richard Long had a drinking problem and had an erratic work record at a variety of jobs through the country.

> On the other hand, there is evidence in the record that John Richard Long is dead. Such evidence consists primarily of the statements and testimony of Plaintiff to this effect and the determination of the Oklahoma County District Court that John Richard Long is dead because of his absence of seven years. However, the decree of the Oklahoma County District Court is not binding on either the Secretary or this Court for the purposes of this case. *Dowell v. Gardner* [6 Cir., 386 F.2d 809], *supra* ; *Cain v. Secretary of Health, Education and Welfare*, 377 F.2d 55 (Fourth Cir.1967). Furthermore, the resolution of conflicts in the evidence is the task of the Secretary and not of a reviewing court. *Sullivan v. Weinberger*, 493 F.2d 855 (Fifth Cir.1974); *Payne v. Weinberger*, 480 F.2d 1006 (Fifth Cir. 1973); *Grant v. Richardson*, 445 F.2d 656 (Fifth Cir. 1971).

> After thoroughly examining the administrative record before it, the Court is of the opinion that substantial evidence is contained therein to support the Secretary's decision denying Plaintiff's claim. Accordingly, the Secretary's decision should be affirmed and a Judgment of affirmance will be entered this date.

[R., Vol. I at pp. 72–73].

We deem it important to here note that it is uncontested that Long was last seen by a family member, a brother, in June of 1967, and that his wage records, as compiled by the Social Security Administration, indicate wage earnings for the years 1956 through the first quarter of 1968.

On appeal to this Court, Edwards contends that she has established that Long was "unexplainedly absent from his resi-

dence and unheard of for a period of 7 years" under 20 C.F.R. § 404.705(a), and that the Secretary was accordingly obligated to "presume that such individual has died" and award the benefits requested or otherwise rebut the presumption of death. We hold that Edwards established that Long was "unexplainedly absent" under the regulation, that the presumption of death was not rebutted by the Secretary, and that Edwards was entitled to the benefits requested on behalf of her children. We must therefore reverse.

■ When courts are called upon to review the interpretation of a regulation, the administrative agency's interpretation of its own regulation is entitled to great deference. *Ballard E. Spencer Trust, Inc. v. Morton*, 544 F.2d 1067 (10th Cir.1976); *Board of Directors and Officers, Forbes Federal Credit Union v. National Credit Union Administration*, 477 F.2d 777 (10th Cir.1973), *cert. denied*, 414 U.S. 924, 94 S.Ct. 233, 38 L.Ed.2d 158 (1973).

In *Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965) the Court observed:

> when the construction of an administrative regulation rather than a statute is in issue, deference is even more clearly in order.
>
> "Since this involves an interpretation of an administrative regulation a court must necessarily look to the administrative construction of the regulation if the meaning of the words used is in doubt. * * * [T]he ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Bowles v. Seminole Rock Co.*, 325 U.S. 410, 413–414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700.

380 U.S. at pp. 16–17, 85 S.Ct. at p. 801. This judicially acknowledged deference, however, does not preclude review:

> Even though there is no *de novo* review in this case and the Secretary's approval of the route of I–40 does not have ultimately to meet the substantial-evidence test, the generally applicable standards of § 706 require the reviewing court to engage in a substantial inquiry. Certainly, the Secretary's decision is entitled to a presumption of regularity. See, *e. g., Pacific States Box & Basket Co. v. White*, 296 U.S. 176, 185 [56 S.Ct. 159, 163, 80 L.Ed. 138] (1935); *United States v. Chemical Foundation*, 272 U.S. 1, 14–15 [47 S.Ct. 1, 6, 71 L.Ed. 131] (1926). *But that presumption is not to shield his action from a thorough, probing, in-depth review.*

*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 at p. 415, 91 S.Ct. 814 at p. 823, 28 L.Ed.2d 136 (1971). [Emphasis supplied].

■ In reviewing the Secretary's denial of benefits as affirmed by the District Court, we must determine whether, under 5 U.S.C.A. § 706(2)(A), the denial was arbitrary, capricious or an abuse of discretion. The ultimate standard of review is a narrow one. In *Sabin v. Butz*, 515 F.2d 1061 (10th Cir.1975), we said:

> The real difficulty lies with whether the Forest Service single permittee policy applied here, or the permit denial in question, were arbitrary, capricious or an abuse of discretion. See 5 U.S.C.A. § 706(2)(A). Review under this provision of the A.P.A. provokes inquiry whether the administrative decisions were based on a consideration of all the relevant factors and whether there was a clear error of judgment. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814 [823], 28 L.Ed.2d 136. Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency. Id. The court's function is exhausted where a rational basis is found for the agency action taken. *Udall v. Washington, Virginia and Maryland Coach Co.,* 130 U.S.App.D.C. 171 [174], 398 F.2d 765, 769, cert. denied, *Washington Metropolitan Area Transit Com. v. United States,* 393 U.S. 1017, 89 S.Ct. 620, 622, 21 L.Ed.2d 561.

515 F.2d at pp. 1066–1067.

In reviewing regulations, however, we are reminded that administrative regulations are not absolute rules of law, *Usery v. Kennecott Copper Corporation*, 577 F.2d 1113 (10th Cir.1977) citing to *National Labor Relations Board v. Boeing*, 412 U.S. 67, 93 S.Ct. 1952, 36 L.Ed.2d 752 (1973), and that an agency's interpretation of its own regulation, which is not based on expertise in its particular field but is rather based on general common law principles, is not entitled to great deference. *Jicarilla Apache Tribe v. Federal Energy Regulatory Commission*, 578 F.2d 289 (10th Cir.1978). *See also: Texas Gas Transmission Corp. v. Shell Oil Co.*, 363 U.S. 263, 80 S.Ct. 1122, 4 L.Ed.2d 1208 (1960). Neither will we accord substantial weight to an agency's interpretation of a regulation, when, as here, an agency's interpretation is inconsistent with the controlling statute. *Vialpando v. Shea*, 475 F.2d 731 (10th Cir.1973).

Applying these standards we hold that the Secretary's denial of the requested benefits was arbitrary, capricious, and an abuse of discretion, *Sabin v. Butz, supra*, based on the record before us. It is uncontested that Long had not been seen by a member of his family since 1967 and that his wage earnings records with the Social Security Administration terminated after the first quarter of 1968. Under these circumstances we hold that Edwards established that Long was "unexplainedly absent" under 20 C.F.R. § 404.705(a), and thus entitled to the benefits sought.

Our views here coincide with those of other Circuits that have held, under facts similar to those presented here, that a contrary result would impose an unfair, and sometimes insurmountable burden on applicants. In *Johnson v. Califano, Secretary*, 607 F.2d 1178 (6th Cir.1979), the Court observed:

Although most prolonged disappearances do not lend themselves to clear-cut explanations, it can be stated with certainty that people do not normally sever all relationships and disappear without a trace for a period of seven years. This fact leads us to adopt the following rule, now followed by both the Ninth and the Third Circuits.[9] When a social security applicant presents facts that establish that a wage earner has been absent from his residence and unheard of for a period of seven years, a presumption of death arises under Regulation § 404–705.[10] *Accord, Secretary of HEW v. Meza*, 368 F.2d 389, 392 (9th Cir.1966); *Aubrey v. Secretary of HEW, supra*, 462 F.2d [782] at 784. *See Blew v. Secretary of HEW*, 484 F.2d 889 (7th Cir.1973). The burden then shifts to the Secretary to make an affirmative showing either that the "missing person is alive" or that "the anomaly of the disappearance . . . [is] consistent with continued life." *Meza, supra*, 368 F.2d at 392.

607 F.2d at p. 1182. [Footnotes omitted].

In the final analysis, we deem it clear, based on the record before us, that Edwards established, within the meaning of the Secretary's regulation, 20 C.F.R. § 404.705(a), that Long was "unexplainedly absent". In our view the regulation directs that the Administration *will*, "upon satisfactory establishment of such facts and in the absence of any evidence to the contrary . . . presume that such individual has died." Edwards established that Long was unexplainedly absent. The Secretary failed to establish that the disappearance was consistent with continued life. Under these circumstances, the Secretary is bound by his own regulations. *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); *Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954). The Secretary cannot ignore the plain terms of his own regulations.

REVERSED AND REMANDED.