Leona AUTREY, Plaintiff-Appellant,

v.

Patricia Roberts HARRIS, etc.,
Defendant-Appellee.

No. 80–1575
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

March 16, 1981.

Walter D. Snider, Beaumont, Tex., for plaintiff-appellant.

John H. Hannah, Jr., U.S. Atty., William Jo Cornelius, Jr., Tyler, Tex., Stanley Ericsson, Randolph W. Gaines, Chief of Litigation, Baltimore, Md., Alice Daniel, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of surviving child insurance benefits sought under the Social Security Act, 42 U.S.C. § 402(d)(1). Appellant Leona Autrey was divorced from Herman George Fisher in 1967. Fisher was the natural father of appellant's son Ross, and the adoptive father of her daughters, Catherine and Debra Sue. She has testified that no hostility resulted, and that both she and the children had frequent contact with Fisher after the divorce.

That contact came to an abrupt end in June of 1969. Fisher, evidently piloting a small plane, departed a Kansas airport and radioed an airport for weather information for a flight to Las Vegas. He has not been heard from since, and the plane has never been found.

Mrs. Autrey applied for surviving child social security benefits in 1970, based on Fisher's employment records. The application was initially denied. In 1976, she requested that the prior application be reopened so that she could provide proof of death in accordance with applicable provisions of the Social Security Act and regulations pursuant. Specifically, she relied upon the presumption of death established by regulation. This application was denied initially and after reconsideration by the Bureau of Retirement and Survivors Insurance of the Social Security Administration.

Appellant then requested a hearing, which was held on December 15, 1978. The issue relevant to this appeal was whether Fisher's death could be presumed under 20 C.F.R. § 404.705, (currently 20 C.F.R. § 404.721), allowing such a presumption where a person is "unexplainedly absent from his residence and unheard of for a period of 7 years." The administrative law judge ruled against Mrs. Autrey, finding that she had not proved her husband's disappearance to be "unexplained." The finding became a final decision of the Secretary of Health, Education and Welfare through approval of the department of appeal council. Mrs. Autrey appealed by filing a complaint in the district court. In a one-page order, without stating reasons, the court affirmed the Secretary's decision.

The issue before us, both appellant and appellee agree, is whether the Secretary's decision is supported by substantial evidence. We conclude that it is not, and reverse.

The presumption of death under this regulation attaches when the claimant presents facts sufficient to establish that the wage earner has been absent from his residence and unheard of for seven years. Nothing in the regulation requires the claimant to refute every reasonable theory or explanation offered by the Secretary. *Aubrey v. Richardson,* 462 F.2d 782, 784 (3 Cir. 1972). Once the applicant creates the presumption, the burden shifts to the Secretary to rebut it. On this record, we find it perfectly apparent that Mrs. Autrey raised the presumption.[1]

---

1. Mrs. Autrey testified that she made an exhaustive search for her former husband by checking with state and federal agencies, nursing homes and hospitals, the Wage Earner's Union and other sources. The search was detailed in a letter to a Texas Congressman which has been incorporated in the record as an exhibit.

There was no testimony from any party as to contact with Fisher after his disappearance. Appellant stated that if the plane crashed in the Rocky Mountains, wreckage might never be found.

We also note that Kansas death decrees obtained for the purpose of settling title of assets owned in that state were introduced. Mrs. Autrey admits the validity of the government's assertion that the decrees are not binding on the Secretary. *See Cain v. Secretary of Health, Education and Welfare,* 377 F.2d 55, 58

In *Mulder v. Weinberger*, No. 74–3595 (5 Cir. April 29, 1975), an unpublished opinion, a panel of this court endorsed the standard for rebuttal proof articulated in *Secretary of Health, Education and Welfare v. Meza*, 368 F.2d 389 (9 Cir. 1966). We will adhere to that formulation. The Ninth Circuit stated in *Meza* that the presumption can be dissipated in two ways:

> One would be by presenting evidence that the missing person is alive... The other showing would be by proof of facts that rationally explain the anomaly of the disappearance in a manner consistent with continued life. 368 F.2d 389 at 392.

■ The administrative law judge relied on the second manner of rebuttal, holding that due to "personal, legal and familial difficulties, the wage earner had sufficient justification for disappearing and changing his identity." To support this conclusion, the following were cited: (1) Fisher's failure to file federal income tax returns in 1967, 1968 and 1969; (2) a suggestion that he was trying to avoid child support payments;[2] and (3) several random comments by the appellant and her children that there may have been minor family difficulties.

Plainly, these are not sufficient to satisfy the Secretary's rebuttal burden, and are not enough to justify a conclusion that Fisher engineered a phony disappearance in order to change his identity. The burden of the Secretary requires more than mere conjecture as to possible explanations, *Aubrey, supra* at 785; *Meza* at 393. Here, the Secretary did no more than present facts which hardly support a somewhat bizarre and certainly speculative conclusion. The judgment of the district court must be reversed, and remanded with directions to enter a contrary judgment in favor of the appellant.

REVERSED and REMANDED WITH INSTRUCTIONS.

(4 Cir. 1967); *Dowell v. Gardner*, 386 F.2d 809, 810 (6 Cir. 1967).

2. Mrs. Autrey, however, testified that she never pressed Fisher to make the payments. There was some confusing testimony about a court order that she obtained to force payment, but the order was never produced. Appellant also testified that the judgment was not entered until after Fisher's disappearance.