Lucille M. WAGES, o/b/o Nancy Marie Beckworth, Richare Lee Beckworth and Dorthory Wages Beckworth (Deceased), Plaintiffs-Appellants,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.

No. 80–7375.

United States Court of Appeals, Fifth Circuit.*
Unit B

Oct. 15, 1981.

---

[**] Judge of the U.S. Court of Claims, sitting by designation.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Bogart & Moss, Joel Y. Moss, Atlanta, Ga., for plaintiffs-appellants.

Jim Baker, U.S. Atty., Steven R. Silver, Dennis R. Williams, Dept. of Health & Human Services, Atlanta, Ga., for defendant-appellee.

Before RONEY, HENDERSON and HATCHETT, Circuit Judges.

RONEY, Circuit Judge:

On February 7, 1969, Floyd R. Beckworth quit his employment, left his home, and has not been heard from or seen since. Plaintiff brought a claim on behalf of his children for survivor's social security insurance benefits. The Secretary denied the claim. The district court affirmed. We reverse.

The decision in this case is controlled by *Autrey v. Harris*, 639 F.2d 1233 (5th Cir. 1981), decided after the district court judgment and shortly before the oral argument in this appeal.

The statute provides social security benefits for the children on Beckworth's death. The regulation promulgated by the Secretary creates a presumption of death after an unexplained disappearance and absence of seven years: when an individual has been "absent from his or her residence for no apparent reason, and has not been heard from, for at least seven years," he or she will be presumed dead in the absence of any evidence to the contrary. Social Security Regulation, 20 C.F.R. § 404.721(b) (1979) (formerly § 404.705). In *Autrey v. Harris*, 639 F.2d at 1235, this Court adopted a standard for rebuttal proof patterned after that articulated in the Ninth Circuit case of *Secretary of Health, Education & Welfare v. Meza*, 368 F.2d 389 (9th Cir. 1966). Under that holding, once the presumption arises, the burden shifts to the Secretary to make an affirmative showing either that the missing person is alive or that the disappearance and absence is consistent with continued life.

The *Meza* court said of 20 C.F.R. § 404.705, the former regulation which the Secretary asserts was different from the present regulation only in style but not in substance:

> The most that the applicant can be expected to do is to show ... that the applicant has no explanation. We think that the true meaning of the regulation is that when the facts show that a person has been absent from his residence and unheard of for a period of seven years, a presumption arises that he is dead. Such a presumption is based upon the fact that people do not ordinarily disappear for no apparent reason and sever a long established pattern of living and all contacts with family and friends. The presumption can then be dissipated in two ways. One would be by presenting evidence that the missing person is alive.... The other showing would be by proof of facts that rationally explain the anomaly of the disappearance in a manner consistent with continued life.

368 F.2d at 392. *Accord, Edwards v. Califano*, 619 F.2d 865 (10th Cir. 1980); *Johnson v. Califano*, 607 F.2d 1178 (6th Cir. 1979); *Aubrey v. Richardson*, 462 F.2d 782 (3rd Cir. 1972).

Since his disappearance in early 1969, Mr. Beckworth has not contacted his wife or children, his mother or brother or sisters, his friends, his former employers, or his college. There is no record, according to

the Internal Revenue Service or the Social Security Administration, of his having been employed since his disappearance. Under the standards adopted in *Autrey*, these facts are sufficient to create the presumption of death.

The Secretary argues that other facts surrounding Beckworth's leaving explain the disappearance so that the presumption never arises, even though he has since not been heard from. Therefore, the Government argues, the burden never shifted to the Government. This Court in *Autrey* has held, however, that

> [t]he presumption of death under this regulation attaches when the claimant presents facts sufficient to establish that the wage earner has been absent from his residence and unheard of for seven years. Nothing in the regulation requires the claimant to refute every reasonable theory or explanation offered by the Secretary. *Aubrey v. Richardson*, 462 F.2d 782, 784 (3 Cir. 1972). Once the applicant creates the presumption, the burden shifts to the Secretary to rebut it.

639 F.2d at 1234.

The Secretary established that Mr. Beckworth was a penurious man who was experiencing domestic problems. He resisted supporting his crippled wife and children. A court decree ordering him to pay support to his family was received the day before he disappeared. He withdrew funds from his bank account and left certain household items with his mother shortly before he disappeared.

These facts are similar enough to those in *Autrey* to require this Court to follow that decision. In *Autrey*, the following facts were cited:

> (1) Fisher's failure to file federal income tax returns in 1967, 1968 and 1969; (2) a suggestion that he was trying to avoid child support payments; and (3) several random comments by the appellant and her children that there may have been minor family difficulties.

*Id.* at 1235 (footnote omitted). The Court held that these were plainly not sufficient to either explain the disappearance or rebut the presumption. The Court said, "The burden of the Secretary requires more than mere conjecture as to possible explanations." *Id.*

While his character and the issuance of the support order may have caused Mr. Beckworth to leave, it does not explain his continued absence for the past twelve years. Beckworth had no prior history of disappearance or pattern of abandonment, yet he has been unheard of for a dozen years. He was close to his mother, and there is no evidence that he did not care for his children, yet he has not contacted them since his disappearance even after the death of his wife. Mr. Beckworth was a highly trained, well paid engineer in the aerospace industry, yet since his disappearance he has not asked his former employers for a reference or his college for a transcript. The law supplies an explanation for such unusual behavior after seven years of absence: the presumption of death. The Secretary did not present sufficient facts to explain Mr. Beckworth's absence in a manner consistent with continued life.

The judgment of the district court is reversed and remanded with directions to enter a judgment in favor of plaintiff. The issue of whether Mr. Beckworth's now-deceased wife was entitled to insurance benefits during her lifetime has not been decided by the Secretary and is therefore not properly before this Court.

REVERSED AND REMANDED.