Martha E. SHELNUTT and Sarah D. Shelnutt, Appellants,

v.

Margaret M. HECKLER, Secretary of Health and Human Services.

No. 83–1138.

United States Court of Appeals, Third Circuit.

Argued Sept. 12, 1983.

Decided Dec. 28, 1983.

Donald W. Booker, Stephen D.M. Robinson (argued), Wilmington, Del., for appellants.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Joseph J. Farnan, U.S. Atty., Wilmington, Del., Randolph W. Gaines, Deputy Asst. Gen. Counsel, John M. Sacchetti, Chief, Retirement and Survivors Insurance Litigation Branch, John W. Wojciechowski (argued), Office of the Gen. Counsel, Social Security Div., Department of Health and Human Services, Baltimore, Md., for appellee.

Before WEIS, HIGGINBOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

In this case we must decide whether the evidence on record is sufficient under the Social Security Act to overcome the presumption of death of a wage earner who has been missing for more than seven years. The appellants, the wife and daughter of the insured, James B. Shelnutt, applied for mother's and child's insurance benefits on his Social Security record. The Department of Health and Human Services (HHS) denied the claim, and the district court affirmed.

The circumstances of Shelnutt's disappearance have never been proven, but the known facts are not in dispute. Shelnutt, a self-employed stockbroker in Seattle, left home in April 1971, telling his family that he was going to a silver mine in Idaho on business. He took enough luggage for a short trip and some money from investors, which, although not a matter of record, appellants estimate at no more than $18,-000. Appellants' Reply Brief at 4. Shelnutt was never reported in Idaho, and has not been seen or heard from since.

After his disappearance the Seattle police issued a warrant for his arrest on charges of grand larceny. The record contains no further evidence concerning the purpose of the trip or the allegations in the arrest warrant.

Shortly after Shelnutt's disappearance, Martha E. Shelnutt obtained a divorce, which she attributed to a desire not to be liable for his debts, since Washington is a community property state. She later moved to Delaware, and in 1979 obtained an ex parte Court of Chancery decree declaring James B. Shelnutt presumed dead. Mrs. Shelnutt and her youngest child, Sarah, then applied for mother's and child's insurance under Title II of the Social Security Act, 42 U.S.C. §§ 402(d) and (g). Following administrative denial and exhaustion, appellants filed suit. The district court granted summary judgment for the Secretary.

The regulations promulgated by the Secretary set forth the proof of evidence of death needed to show eligibility. *See* 20 C.F.R. § 404.720. If the claimant cannot prove the person is dead, the regulations provide for a presumption of death under certain circumstances, one of which is an unexplained absence of seven years. Section 404.721 provides in relevant part:

*If you cannot prove the person is dead but evidence of death is needed, we will presume he or she died at a certain time if you give us the following evidence:*

. . . .

(b) Signed statements by those in a position to know and other records which

show that the person has been absent from his or her residence *for no apparent reason,* and has not been heard from, for at least 7 years. *If there is no evidence available that he or she is still alive,* we will use as the person's date of death either the date he or she left home, the date ending the 7 year period, or some other date. . . .

20 C.F.R. § 404.721(b) (emphasis added).[1]

The claimant's burden under this section is minimal. In *Aubrey v. Richardson,* 462 F.2d 782 (3d Cir.1972), we established that section 404.721(b) (then section 404.705) requires no affirmative showing from a claimant; to hold otherwise would defeat the purpose of the presumption. *Id.* at 784 & n. 3; *see also Johnson v. Califano,* 607 F.2d 1178, 1182 (6th Cir.1979). Thus "[t]he most that the applicant can be expected to do is to show . . . that the applicant has no explanation." *Aubrey,* 462 F.2d at 784 (quoting *Secretary of Health, Education and Welfare v. Meza,* 368 F.2d 389, 392 (9th Cir.1966)). The Administrative Law Judge here erred in stating that the claimant was required to (and did not) establish an unexplained absence. The district court correctly concluded that under *Aubrey,* Mrs. Shelnutt and her daughter were entitled to the presumption, and the Secretary so concedes before us.

 Once the presumption is raised, the burden of explanation shifts to the Secretary. *Aubrey v. Richardson,* 462 F.2d at 784. At that point, it may be rebutted "by proof of facts that rationally explain the anomaly of the disappearance in a manner consistent with continued life." *Meza,* 368 F.2d at 392; *see also Aubrey,* 462 F.2d at 784; *Gardner v. Wilcox,* 370 F.2d 492, 494 (9th Cir.1966). This burden may be satisfied by direct evidence that the missing person is alive or by evidence establishing a motive for desertion. *E.g., Blew v. Richardson,* 484 F.2d 889, 892–93 (7th Cir.1973). This standard requires affirmative evidence rather than speculation. *See Aubrey,* 462 F.2d at 785; *see also Autrey v. Harris,* 639 F.2d 1233, 1235 (5th Cir.1981); *Meza,* 368 F.2d at 392. In light of the Secretary's acknowledgment that she had this burden, the only significant issue before us is the sufficiency of the rebuttal evidence.[2]

Each side has advanced a plausible scenario—the Secretary that Shelnutt fled marital and financial problems by absconding with other people's money, and the claimant that her husband was killed while on a legitimate business trip, possibly by someone who knew he was carrying a large sum of cash. The burden of proof is dispositive here, for the Secretary must provide affirmative evidence of the first version, or some variation of it. We thus turn to the findings below.

The Administrative Law Judge found that

[T]he evidence as to the claimant's financial difficulties, marital difficulties and arrest warrant concerning the disappearance of funds, establishes a direct connection between the pre-departure difficulty and the proposed explanation of flight and are evidence that directly point to an explanation other than death as to [Shelnutt's] continued absence.

The district court ventured a step further, opining that Shelnutt "could survive in obscurity by investing in the stock market."

The wage earner's financial difficulties were not documented by the Secretary; no business, tax, or personal records were produced. Though the claimant and an older daughter testified that Shelnutt had financial problems, these were longstanding and

1. Until 1979 the provision was codified as 20 C.F.R. § 404.705 and contained slightly different wording, requiring an "unexplained absence" rather than an absence "for no apparent reason"; the amendment did not effect any change in the law.

2. Appellants contend that the district court erred as a matter of law in refusing to give binding effect, either as res judicata or as a grant of full faith and credit, to the ex parte order of the Delaware Court of Chancery presuming Shelnutt's death. We find no merit in these contentions, which we previously rejected in *Aubrey v. Richardson,* 462 F.2d at 785. *See also Dowell v. Gardner,* 386 F.2d 809, 810 (6th Cir.1967).

apparently not ruinous. The same might be said of his marital problems, the primary evidence of which is a daughter's statement that "[h]e and my mother had not been getting along—but were trying to work things out". Martha Shelnutt asserted that she obtained a divorce for the purely practical purpose of avoiding her husband's debts in a community property state, and the Secretary produced no evidence to the contrary. There was also no evidence that Shelnutt's earlier alcoholism had ever led him to leave home. There was no evidence of drinking in recent years, since he became involved with Alcoholics Anonymous.

The criminal charges against Shelnutt present a more difficult question. If he took the investors' money illegally, or with illegal intent, then a motive for disappearing might be inferred. The evidence is not sufficient, however, to support an inference that he took the money with any such intent. Although Mrs. Shelnutt stated that "my husband had embezzled money," there is no evidence that she had personal knowledge of the incident; apparently she based her statement on the police allegations. Because the Seattle police department's pre-1974 records had been purged, the only evidence available was an officer's recollection that the case "involved a precious metals swindle scheme." Further, the criminal charges were filed after, not before, Shelnutt's disappearance. Therefore, we do not know whether the possibility of criminal charges was the cause or the result of Shelnutt's disappearance. Nor do we know whether Shelnutt ever knew of the charges.

Without further evidence to support the Secretary's explanation of Shelnutt's disappearance, that explanation remains a speculative one. As we stated in *Aubrey,* our standard "clearly require[s] more from the Secretary than mere conjecture as to possible explanations for the wage earner's disappearance." 462 F.2d at 785.

■ The evidence produced by the Secretary was insufficient to rebut the presumption of death. Our conclusion is guided by our earlier holding in *Aubrey v. Richardson.* In that case the claimant acknowledged

that she and her husband had separated "at least twelve times" and that he served a one-year jail sentence as a result of her suits for nonsupport. He disappeared immediately after his release. In holding that the presumption of death was not overcome, we stated, "When the Secretary chooses to infer from a mass of conflicting facts surrounding an insured's disappearance an explanation therefor, he must support that conclusion 'by proof of facts' which do—not merely may—'rationally explain the anomaly of the disappearance in a manner consistent with continued life.'" 462 F.2d at 785 (quoting *Secretary of Health, Education, and Welfare v. Meza,* 368 F.2d at 392).

Other circuits have also required the Secretary to provide more than mere conjecture to explain the insured's disappearance. In *Wages v. Schweiker,* 659 F.2d 59 (5th Cir.1981), the wage earner disappeared the day after receiving a court decree ordering him to support his wife, who was disabled, and his children. Just before he left he withdrew funds from his bank account and left some items with his mother. The Fifth Circuit found these facts insufficient to explain the wage earner's subsequent 12-year absence, and it noted, "The law supplies an explanation for such unusual behavior after seven years of absence: the presumption of death." *Id.* at 61. Similarly, the Sixth Circuit in *Johnson v. Califano,* 607 F.2d 1178 (1979), found that the Secretary failed to rebut the presumption of death of a 28-year-old soldier despite evidence that he had been reported AWOL at the time of his disappearance, had fought violently with his wife, and had visited his child only once. In other cases, the fact that the wage earner had previously deserted his family several years before the disappearance at issue was not considered sufficient evidence to rebut the presumption. *Edwards v. Califano,* 619 F.2d 865 (10th Cir.1980); *Secretary v. Meza,* 368 F.2d 389 (9th Cir.1966). Finally, in *Autrey v. Harris,* 639 F.2d 1233 (5th Cir. 1981), the wage earner's failure to file tax returns for three years preceding his disappearance, and the suggestion that he was trying to avoid support payments, was not sufficient rebuttal evidence.

The few decisions finding sufficient evidence to rebut the presumption of death are distinguishable from the case at bar. *See Blew v. Richardson,* 484 F.2d 889 (7th Cir. 1973) (wage earner disappeared upon release from jail term served for nonsupport); *Dowell v. Gardner,* 386 F.2d 809 (6th Cir. 1967) (wage earner had history of desertion and unexplained absences, burned family's home, was jailed for nonsupport, and disappeared upon his release); *Gardner v. Wilcox,* 370 F.2d 492 (9th Cir.1966) (wage earner had taken money from employer but expressed intent to straighten matters out, then disappeared after indicating that he would commit suicide).

We recognize that our scope of review is narrow. However, the administrative law judge committed legal error in concluding that the presumption of death had not arisen. Moreover, there was no substantial evidence to support a conclusion that the presumption of death had been rebutted. Thus, the district court erred in finding that the Secretary satisfied her burden of proof by coming forth with facts explaining Shelnutt's extended absence in a manner consistent with continued life.

The judgment of the district court will be reversed, with instructions to enter a judgment in favor of the appellants.