Julie M. MARTIN and
Katrina M. Martin

v.

Margaret HECKLER, Secretary of the
Department of Health and
Human Services.

Civ. A. No. G–83–137.

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 7, 1985.

Michael B. Hughes, McLeod, Alexander, Powel & Apffel, Galveston, Tex., for plaintiffs.

C.J. Calnan, Asst. U.S. Atty., Houston, Tex., Frank V. Smith, III, Dallas, Tex., of counsel, for defendants.

## ORDER

HUGH GIBSON, District Judge.

Before the Court are the parties' motions for summary judgment. Plaintiffs, the children of Dr. Winston L. Martin, appealed the decision of the Secretary of Health & Human Services denying them surviving children's benefits under the Social Security Act, 42 U.S.C. § 402. Dr. Martin has not been seen since his disappearance on December 25, 1976. The Secretary found that plaintiffs' application could not be considered until seven (7) years have lapsed since the date of disappearance.

■ A claimant must demonstrate that the insured worker has died in order to obtain any survivor's benefits on a lump sum death benefit. 30 FEDERAL PROCEDURE, L.Ed. *Social Security & Medicare,* § 71:109 (1985). The Secretary's regulation provides that "a certified copy or extract from the public record of death" shall constitute the best evidence of a person's death. *See* 20 CFR § 404.720(b). The regulation further provides that if a claimant cannot prove death but evidence of death is needed, he may invoke a presumption of death by submitting evidence showing the insured worker's unexplained absence for at least seven (7) years. *See* 20 CFR § 404.721(b); *Shelnutt v. Heckler,* 723 F.2d 1131 (3rd Cir.1983).

In this case, the claimants submitted to the Administrative Law Judge and the Appeals Council a death certificate issued by the Texas Department of Health's Bureau of Vital Statistics (see R. at 6, 162–163). The certificate cited "probable drowning" as the primary cause of death, based on the findings of the Probate Court which admitted Dr. Martin's will, and based on an

examination of what purported to be the remains of Dr. Martin found in the Galveston Yacht Basin. The certificate was signed by the County Medical Examiner and approved by the county judge.

A reviewing court has the power to interpret administrative regulations. *Gomez v. Harris,* 504 F.Supp. 1342 (D.Alaska 1981). The Court finds that the death certificate is the type of public record which, under 20 CFR § 404.720, constitutes the best evidence of death. With this type of evidence, the claimants no longer have to rely on the presumption of death or to satisfy the proof requirements of Section 20 CFR § 404.721. Section 404.721 applies only when a claimant must rely on "unexplained absence" as proof of death. *Autrey v. Harris,* 639 F.2d 1233 (5th Cir.1981). The Administrative Law Judge, however, disregarded the death certificate and applied section 404.721 instead of section 404.720. This, the Court finds, constitutes legal error. Therefore, the Secretary's decision must be reversed. As a matter of law, claimants have successfully proved the death of the insured worker.

Since the Administrative Law Judge did not make specific findings regarding claimants' application and simply abated consideration until the seventh anniversary of Dr. Martin's disappearance, the Court will remand this case to the Secretary for further proceedings in accordance with this Court's holding. Accordingly, it is,

ORDERED, ADJUDGED and DECREED that:

1. defendant's motion for summary judgment be DENIED;

2. plaintiffs' motion for summary judgment be GRANTED;

3. the Secretary's decision be REVERSED; this case be REMANDED to the Secretary for full consideration of plaintiffs' application for benefits filed on September 9, 1977 in accordance with this Court's holding; and that the Secretary be instructed to grant such application if it is found to meet other statutory definitions of the Social Security Act, 42 U.S.C. § 402.