**Judy Anne GREEN, individually, and as mother of John J. Green, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

No. 93–2126.

United States District Court, C.D. Illinois.

July 6, 1994.

---

Frank H. Byers, II, Fuller Hopp McCarthy Quigg & Byers, Decatur, IL, for plaintiffs.

David H. Hoff, U.S. Atty., Urbana, IL, for defendant.

## *ORDER*

BAKER, District Judge.

This matter is before the court on the plaintiff's objection to the Magistrate Judge's report and recommendation that her motion for summary judgment be denied and the defendant's motion for summary judgment be granted. The plaintiff brings this suit pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Secretary of Health & Human Services denying the plaintiff's application for Child's Benefits

under the Social Security Act, 42 U.S.C. § 402(d). The plaintiff seeks survivor's benefits on behalf of her minor son, John Jason Green, on the account of her husband, John Charles Green. The application was denied initially and on reconsideration and was also denied by the Administrative Law Judge ("ALJ") who considered the case *de novo.* The ALJ's decision became final when the Appeals Counsel denied the plaintiff's request for review and this action followed.

■ The Magistrate correctly stated the law and standard of review as follows: The court's function in reviewing a final decision of the Secretary is not to try the case *de novo* or to supplant the ALJ's finding with the court's own assessment of the evidence. *Pugh v. Bowen,* 870 F.2d 1271 (7th.Cir.1989). The court must only determine whether the ALJ's findings were supported by substantial evidence and whether the proper legal standards were applied. *Delgado v. Bowen,* 782 F.2d 79, 82 (7th.Cir.1986). In determining whether the ALJ's findings are supported by substantial evidence, the court must consider whether the record, as a whole, contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Credibility determinations made by the ALJ will not be disturbed unless the finding is clearly erroneous, *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *Imani v. Heckler,* 797 F.2d 508 (7th.Cir.), *cert. denied,* 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986).

The parties have not disputed the Magistrate Judge's recitation of the facts and the court will briefly summarize them here. On January 4, 1984, John Charles Green left his home in Decatur, Illinois for work as usual but never returned home. That day his wife found a note from her husband at his workplace apologizing to her for "all the problems" and wishing her good luck. Two days later, Mr. Green's parents received an envelope postmarked Louisville, Kentucky with notes for Mrs. Green and the Greens' three children. The letter to Mrs. Green stated in part that "I·have failed again. I won't be

back please make the best of your life and the kids." The letter to the children apologized for "what I have done" and for lying and that "I am just a failure at work, home and father and as such I think it would be best if I left."

No one has seen or heard from Mr. Green since January 4, 1984. Mrs. Green discovered Mr. Green's business in shambles after he left with customer complaints about undelivered goods, a bounced check to a supplier, very little cash and an inquiry concerning unpaid taxes. Mrs. Green's divorce and bankruptcy, and Mr. Green's mother's estate information were published in the local Decatur newspaper since his disappearance. Further, the Illinois Attorney General dropped a civil fraud action against Mr. Green when he could not be found. Finally, Mr. Green's father has passed away and his children have graduated, married and had children in the last ten years. In 1991, Mr. Green was declared legally dead by an Illinois court as of July 2, 1991.

Mr. Green has disappeared before. In 1978, he left for work and did not return. He had filed false loan applications and kept the proceeds and did not contact his family until 18 months later. He had been living in missions in Reno, Nevada and Eugene, Oregon under the name Terry North. Upon returning to Decatur he was charged with theft and placed on probation and later filed for bankruptcy protection. Mrs. Green described her husband as a religious man who had never discussed suicide.

. The plaintiff makes two arguments to the court. First, that the ALJ applied an improper legal standard in determining the application of the presumption of death under the regulations, and second, that the record does not support the ALJ's decision that the presumption has been rebutted. The defendant responds to these arguments and asserts that the decision is sound in all respects.

The standard for determining death under the Social Security Regulations is set forth at 20 C.F.R. § 404.720 and § 404.721. Section 404.720 establishes the preferred methods of proving death, a death certificate, a physician's statement, a statement made by an

agency of the United States, or statements by people with personal knowledge of the wage-earner's death. The plaintiff concedes that she cannot provide such evidence in this case. Instead, she relies on § 404.721, which establishes a presumption of death after seven years of an unexplained absence.

The ALJ found that § 404.721 requires the plaintiff to show both a seven-year absence and no explanation for the absence in order to be entitled to the presumption. The plaintiff points out that this view is contrary to court rulings in the Third, Fifth, Sixth, Ninth, Tenth and Eleventh Circuits and to Social Security Acquiescence Rulings following those cases. The plaintiff argues that she is entitled to the presumption based solely on the seven-year absence and that the other evidence in the case is not sufficient to overcome the presumption. The Seventh Circuit has apparently only considered this issue once and did not specifically resolve it, finding that pre-departure evidence may be used to defeat the presumption of death. *See Blew v. Richardson,* 484 F.2d 889, 893 (7th Cir.1973) (not stating whether the presumption arises and is then defeated or is defeated before it arises).

 The Magistrate Judge correctly noted that this court is not bound by the decisions of other circuit courts or Agency Acquiescence Rulings based on those decisions. *See Bennemon v. Sullivan,* 914 F.2d 987 (7th Cir.1990). Further, the Secretary is entitled to deference in the interpretation of her own regulations. *See Red Lion Broadcasting v. F.C.C.,* 395 U.S. 367, 380–81, 89 S.Ct. 1794, 1801–02, 23 L.Ed.2d 371 (1969). After considering the cases from the other jurisdictions, the Magistrate Judge found no reason to disagree with the ALJ's application of § 404.721 or the finding that the plaintiff had failed to prove that the disappearance was unexplained. More importantly, perhaps, the Magistrate Judge seemed to follow the Seventh Circuit's opinion in *Blew* in finding that regardless of the proper interpretation of § 404.721 the substantial evidence in the record was sufficient to rebut the presumption of death whether the presumption ever arose or not.

 The Magistrate Judge noted the following evidence contradicting the presumption of death: Mr. Green had successfully disappeared before when faced with similar financial difficulties. There is no evidence that he had knowledge of the many important family events of the last decade, especially given the fact that last time he went as far as Oregon. His departing notes and religious background gave no indication of suicide and he was apparently in good health when he left and would only be fifty years old now. The law is clear that Congress has not provided for benefits to children of an insured parent who has *deserted* them but only for children of an insured parent who is *dead. See Blew v. Richardson,* 484 F.2d 889, 892 n. 7 (7th Cir.1973) (*quoting Dowell v. Gardner,* 386 F.2d 809, 810 (6th Cir.1967) (emphasis in original)); 42 U.S.C. § 402(d).

The plaintiff's objection to the Magistrate Judge's report and recommendation does not raise any new arguments. She argues that the other circuits are correct in placing the burden of proving an explanation other than death for a person's disappearance as that is logically preferable to forcing the plaintiff to prove a negative. Factually, the plaintiff argues that substantial evidence to defeat the presumption of death does not exist. Specifically, she refutes the Magistrate Judge's reliance on Mr. Green's prior disappearance by stating that those events occurred sixteen years ago and may explain his disappearance but do not explain his continued absence. Specifically, the plaintiff notes that the statute of limitations has run on the various civil and criminal charges Mr. Green might have faced. Further, the plaintiff asserts that the more recent major family events are compelling evidence that Mr. Green has passed away. Finally, the plaintiff contends that the Magistrate Judge committed reversible error by failing to discuss the Illinois state court's declaration of Mr. Green's death.

The defendant's response to the plaintiff's objections argues that the plaintiff's contentions are without merit and asks the court to adopt the Magistrate Judge's report and recommendation and affirm the defendant's decision. The defendant does disagree with the Magistrate Judge on one point, namely that

**578**

the ALJ placed the burden of proof on the plaintiff to show that the disappearance was "unexplained." Rather, the defendant notes that the ALJ discussed the evidence in terms of the disappearance being "not unexplained" as well as being "explained" and thus the defendant claims that the decision should be affirmed under either standard. Next, the defendant challenges the plaintiff's attempt to "bifurcate" Mr. Green's absence into 1) his initial disappearance and 2) his continued absence. The defendant asserts that the explanation for his absence as a whole has remained the same: to avoid criminal prosecution, angry creditors and a family he has failed. Lastly, the defendant points out that the Illinois state court's declaration of death is not one of the preferred methods of proving death under § 404.720 and this federal court is not bound by that finding.

■ The court fully agrees with the report and recommendation of the Magistrate Judge. The evidence suggesting that Mr. Green intentionally disappeared remains convincing despite whatever statutes of limitation may have run. The court also accepts the Secretary's interpretation of the plain language of § 404.721, which allows for the presumption of death after seven years only if the plaintiff proves the absence is unexplained. The court agrees, however, that the burden of proof issue does not affect the result in this case as the defendant has explained Mr. Green's absence. As for the Illinois' court's declaration of death, Illinois is a separate sovereign and is free to declare death under its own guidelines regardless of the federal rule for awarding death benefits.[1]

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment (docket # 6) is allowed. The clerk is directed to enter judgment in favor of the defendant and against the plaintiff. The parties are to bear their own costs.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment (docket # 4) is denied.

---

**1.** Neither the United States nor the defendant was a party to the state proceeding so principles of collateral estoppel and *res judicata* also would not apply.