951 F.2d 257
 PHILLIPS PETROLEUM COMPANY, Plaintiff-Appellee,
v.
Manual LUJAN, Secretary of the Interior, Robert Kallman,
Director or Acting Director, Minerals Management Service,
Department of the Interior, Nick L. Kelly, Area Manager,
Dallas Regional Compliance Office, Minerals Management
Service, the United States Department of the Interior, the
Minerals Management Service, Defendants-Appellants.
 No. 90-5122.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 2, 1991.
 
 Robert L. Klarquist, Attorney, Dept. of Justice, Environment and Natural Resources Div., Washington, D.C. (Richard B. Stewart, Asst. Atty. Gen., Washington, D.C., Tony M. Graham, U.S. Atty., and Nancy Nesbitt Blevins, Asst. U.S. Atty., Tulsa, Okl., Edward J. Shawaker, Attorney, Dept. of Justice, Environment and Natural Resources Div., Washington, D.C., Peter J. Schaumber and Geoffrey Heath, Office of Sol. Gen., Washington, D.C., with him on the brief), for defendants-appellants.
 Thomas L. Cubbage, II, of Phillips Petroleum Co., Bartlesville, Okl. (L.K. Smith and Paul E. Swain, III, of Boone, Smith, Davis, Hurst & Dickman, Tulsa, Okl., William G. Paul, John L. Williford and Jennifer S. Goering of Phillips Petroleum Co., Bartlesville, Okl., with him on the brief), for plaintiff-appellee.
 Donald B. Craven and James P. Tuite, of Miller & Chevalier, Chartered, Washington, D.C., David T. Deal of the American Petroleum Institute, Washington, D.C., for Amicus Curiae, American Petroleum Institute.
 Before McWILLIAMS and BALDOCK, Circuit Judges, and DUMBAULD, District Judge.*
 BALDOCK, Circuit Judge.
 
 
 1
 Defendants-appellants, the Secretary of the Interior and his department, the Mineral Management Service which is a division within the Department of the Interior, and two other administrative officials of the Mineral Management Service, appeal the district court's order granting summary judgment to plaintiff-appellee, Phillips Petroleum Company, in a declaratory action. We have jurisdiction under 28 U.S.C. § 1291. Our review of orders granting motions for summary judgment is de novo. United States v. Gammache, 713 F.2d 588, 594 (10th Cir.1983). We reverse and remand to the district court with instructions to enter judgment for defendants.
 
 
 2
 Defendants are responsible for issuing and administering oil and gas leases for federal lands, see 30 U.S.C. §§ 181, 223-237, and for approving issuance of and administering such leases for lands allotted to Indians and tribal lands. See 25 U.S.C. §§ 396-396g. Congress has directed defendants to "establish a comprehensive inspection, collection and fiscal and production accounting and auditing system to provide the capability to accurately determine oil and gas royalties, interest, fines, penalties, fees, deposits, and other payments owed, and to collect and account for such amounts in a timely manner." 30 U.S.C. § 1711(a). Further, defendants are required to "audit and reconcile, to the extent practicable, all current and past lease accounts for leases of oil or gas and take appropriate actions to make additional collections or refunds as warranted, ... and may also audit accounts and records of selected lessees and operators." Id. § 1711(c)(1).
 
 
 3
 Plaintiff holds oil and gas leases for both federal and Indian lands. These leases contain an inspection clause which requires, in relevant part, that the lessee "keep open ... for the inspection of any duly authorized officer of the Department ... all books, accounts, maps and records relative to operations and surveys or investigations on the leased lands or under the lease." As a lessee of oil and gas rights, plaintiff is required to "establish and maintain any records, make any reports, and provide any information that the Secretary may, by rule, reasonably require for the purpose of implementing this chapter or determining compliance with rules or orders under this chapter." 30 U.S.C. § 1713(a). Further, "[u]pon the request of any officer or employee duly designated by the Secretary ... the appropriate records, reports, or information which may be required by this section shall be made available for inspection and duplication...." Id. Plaintiff is also required to maintain records of its oil and gas leases for six years after the records are generated "unless the Secretary notifies [plaintiff] that he has initiated an audit or investigation involving such records and that such records must be maintained for a longer period."[1] Id. § 1713(b).
 
 
 4
 On September 30, 1988, defendants ordered plaintiff to provide records relating to thirty-two leases for the period October 1, 1980, through September 30, 1983. The order stated that plaintiff previously had been notified of an impending audit for the period October 1, 1980 through September 30, 1986, and that this particular order pertained only to the first segment of the audit. The stated purpose of the audit was to ascertain "the propriety of the royalty payments made by [plaintiff]."
 
 
 5
 On October 28, 1988, plaintiff filed the present action seeking declaratory and injunctive relief. The complaint contended that, pursuant to the general federal statute of limitations, 28 U.S.C. § 2415, defendants must audit and file claims for underpayment or mispayment of royalties within six years after royalty payments are made or due. Plaintiff sought a judgment that the order which requested records that were more than six years old was unenforceable, arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.[2] See 5 U.S.C. § 706 (scope of judicial review of agency actions). Plaintiff argued that a cause of action on royalty payments accrues at the time of payment; therefore, any cause of action on payments made more than six years earlier was barred by the statute of limitations. As plaintiff's argument goes, the six-year limitation on maintaining records deprived defendants of their authority to audit records that were more than six years old.
 
 
 6
 On cross-motions for summary judgment, the district court denied defendants' motion[3] and granted plaintiff's motion. The district court declared that there was no authority for defendants' action unless they could show that the statute of limitations was tolled. The district court determined that the statute was not tolled and granted the declaratory relief requested by plaintiff because defendants' request for records was untimely.[4]
 
 
 7
 Congress has vested federal courts with the power to review agency actions. 5 U.S.C. § 704. However, the scope of review is a "narrow one." Edwards v. Califano, 619 F.2d 865, 868 (10th Cir.1980). The fact that plaintiff has brought this action not on appeal from an administrative ruling but rather as a preemptive declaratory action makes no difference as to the substantial deference we afford to the actions of administrative agencies in compliance with their statutory enforcement obligations. Indeed, unless the agency's order can be considered "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), we cannot set it aside.
 
 
 8
 The district court viewed the six-year limitation on the record keeping requirement and the six-year statute of limitations on actions to collect royalty payments as dispositive on whether defendants could compel disclosure of the records. The district court framed the issue as "whether [defendants] must audit and file claims for underpayment or mispayment of royalties within 6 years after the royalty payments are made or due." We cannot agree with that characterization.
 
 
 9
 Defendants were not asserting a claim for underpayment of royalties. Had they been, plaintiff might have very well been able to assert a statute of limitations defense. See 28 U.S.C. § 2415 (six-year statute of limitations on "action for money damages brought by the United States ... which is founded upon any contract). Rather, defendants were merely ordering plaintiff to provide records. Such an order is well within defendants' authority under the lease agreements and under the pertinent statutes and regulations governing the management of royalty payments.
 
 
 10
 The lease agreements require plaintiff to permit defendants to inspect "all books, accounts, maps and records...." The inspection clause of the agreement is not limited to records generated within the past six years. Indeed, the only limitation on the disclosure of records that plaintiff and defendants have formally agreed upon is that the records must be "relative to operations and surveys or investigations on the leased lands or under the lease." We will not read a limitation into a lease provision which was not part of the agreement between the parties. See Yankee Atomic Elec. Co. v. New Mexico & Ariz. Land Co., 632 F.2d 855, 858 (10th Cir.1980) (10th Cir.1980) ("courts cannot change or alter contract language for the benefit of one party and to the detriment of another party"). See also Williams Petroleum Co. v. Midland Cooperatives, Inc., 539 F.2d 694, 696 (10th Cir.1976).
 
 
 11
 In addition to the lease terms requiring disclosure, the statutes and regulations governing the payment of royalties on oil and gas leases also require disclosure of the records. Upon the request of defendants, plaintiff is required to make available for inspection and duplication "the appropriate records, reports, or information." 30 U.S.C. § 1713(a). See also 30 C.F.R. § 212.51(c) (1991). While plaintiff is required to maintain the records for six years, unless otherwise notified, 30 U.S.C. § 1713(b); 30 C.F.R. § 212.51(b) (1991), plaintiff's duty to disclose records is not limited to records which plaintiff could have lawfully destroyed but, instead, has retained.[5]
 
 
 12
 Administrative agencies vested with investigatory power have broad discretion to require the disclosure of information concerning matters within their jurisdiction.[6] See, e.g., United States v. Morton Salt Co., 338 U.S. 632, 642-43, 70 S.Ct. 357, 363-64, 94 L.Ed. 401 (1950) (agency could compel the production of information even if action was a "fishing expedition"); Endicott Johnson v. Perkins, 317 U.S. 501, 509, 63 S.Ct. 339, 343, 87 L.Ed. 424 (1943) (district court must enforce administrative subpoena unless the evidence sought was "plainly incompetent or irrelevant to any legal purpose" of the agency). Further, the Supreme Court has held that a summons issued by an enforcement agency, specifically the Internal Revenue Service, need not make any showing of an act which would toll the statute of limitations, such as fraud, in order to enforce a summons for documents which relate to a period outside the applicable statute of limitations. United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-255, 13 L.Ed.2d 112 (1964). Ironically, defendants could obtain the records under normal civil discovery procedures. Indeed, the records are relevant to the present declaratory action because plaintiff's contention is premised on the absence of some event, such as fraud, which would toll the statute of limitations. Plaintiff cannot avoid disclosure of the records simply by asserting that any action defendants might bring to which the documents relate is barred by the statute of limitations.[7]
 
 
 13
 We REVERSE the district court's order granting summary judgment for plaintiff and REMAND to the district court with instructions to enter judgment for defendants.
 
 
 
 *
 The Honorable Edward Dumbauld, Senior United States District Judge, Western District of Pennsylvania, sitting by designation
 
 
 [1]
 Once an audit or investigation is underway, the lessee is required to maintain the records until the Secretary releases it from such obligation. 30 U.S.C. § 1713(b)
 
 
 [2]
 Plaintiff agreed to produce the records for the period October 1, 1982 through September 30, 1983, which were requested within the six-year period
 
 
 [3]
 Defendants initially moved to dismiss the amended complaint contending that plaintiff should be required to exhaust its administrative remedies prior to seeking judicial review, and that the order was not a final agency action. See 5 U.S.C. § 704. Defendants have not appealed the denial of their motion to dismiss, and, accordingly, we express no opinion on these issues
 
 
 [4]
 Finding that the declaratory relief granted fully disposed of the issues, the district court denied plaintiff's request for injunctive relief. The district court denied defendants' subsequent motion to alter or amend the judgment
 
 
 [5]
 Plaintiff contends that the order violates the six-year statutory and regulatory limitation on record maintenance, see 30 U.S.C. § 1713(b); 30 C.F.R. § 212.51(b) (1991), because the order requires it to maintain the records indefinitely. However, by giving the Secretary the authority to unilaterally extend the period for maintaining records, 30 U.S.C. § 1713(b), Congress has recognized that the six-year limitation is not absolute. The fact that defendants did not exercise this authority within six years does not negate plaintiff's duty to disclose records which it was legally required to compile and voluntarily chose to retain beyond six years
 
 
 [6]
 Plaintiff's attempt to distinguish orders by defendants premised on their investigatory power and orders by defendants premised on their power to audit is without merit. Defendants' investigatory power is their power to audit records maintained by lessees such as plaintiff. See 30 U.S.C. § 1711(c)
 
 
 [7]
 Because we believe that the statute of limitations, 28 U.S.C. § 2415, is irrelevant to defendants' authority to obtain the records, we need not address the questions of when a cause of action on royalty payments accrues or whether the statute was tolled under the facts before us. Further, we have considered plaintiff's additional arguments concerning laches and defendants' failure to follow required procedures, and find them to be without merit